ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB  4 2009

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

**-RLV**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

STRESS LESS, INC.,            )
                             )
    **Plaintiff,**        )
                             )       CIVIL ACTION
v.                           )       FILE NO. _____
                             )
SMALL WORLD TRADING CO.,     )       **1:09-CV-0303**
d/b/a EO,                    )
                             )
    **Defendant.**       )
                             )

### COMPLAINT

COMES NOW, Plaintiff Stress Less, Inc. ("Stress Less") and files this

Complaint against Defendant Small World Trading Co. ("SWTC"), d/b/a EO,

showing the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Stress Less is a Georgia corporation with its principal place of

business and registered office in the State of Georgia.

2.

Defendant SWTC is a California corporation with its registered office

located at 15 Kock Road, Suite A, Corte Madera, California  94925.  Defendant

SWTC may be served by delivering the Summons and Complaint to its registered agent, Susan Griffin Black, at the above address.

3.

This is a complaint for trademark infringement, unfair competition, and false description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (trademark infringement) and 1125(a) (unfair competition and false description), and for tortious interference with business relationships and unfair competition under applicable state law.

4.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. This Court has related claim and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

5.

Defendant is subject to the jurisdiction of this Court and venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a) because this is a judicial district in which a substantial part of the events giving rise to the claims occurred and/or Defendant transacts business in this district.

## FACTUAL BACKGROUND

6.

Stress Less has been in business since 1994, selling goods and services under the mark "Stress Less" (the "Stress Less Mark"). Stress Less has registered with the United States Patent and Trademark Office (the "PTO"), on the PTO's principal register, "Stress Less" as a mark for a number of goods and services, as indicated in the table attached hereto as Exhibit A. The registrations listed in Exhibit A are in full force and effect.

7.

Among the goods and services for which Stress Less has obtained such a federal registration for its Stress Less Mark are aromatic essential oils, fragrance diffusers, and candles; specifically, "aromatic essential oils for diffusion into the air of a home or other environment," "environmental fragrance diffusers used for diffusing aromatic essential oils into the air of a home or other environment," and "candles."

8.

Stress Less filed its application with the PTO to register "Stress Less" as a mark for aromatic essential oils, fragrance diffusers, and candles on August 6, 1998. Its application was based on § 1(b) of the Lanham Act, 15 U.S.C. §§

3

1051(b).  The PTO granted the registration on the principal register as Registration No. 2,871,902.  A true and correct copy of the PTO registration certificate is attached hereto as Exhibit B.

9.

The registration of the Stress Less Mark for aromatic essential oils, fragrance diffusers, and candles (Registration No. 2,871,902) is in full force and effect.

10.

Stress Less has extensively advertised and promoted the Stress Less Mark. Moreover, Stress Less has invested substantial time, energy and resources to develop the Stress Less Mark.

11.

Subsequent to Stress Less's August 6, 1998 filing with the PTO of the application to register the Stress Less Mark as a mark for aromatic essential oils, fragrance diffusers, and candles, SWTC began advertising, distributing, promoting, offering for sale, and selling products under the mark "Stress Less" and continues to advertise, distribute, promote, offer for sale, and sell such products.

12.

Defendant SWTC has sold and continues to sell "Stress Less Pure Essential Oil Blend" made up of "100% Pure Essential Oil," including through its website www.eoproducts.com.   True and correct copies of print-outs of pages of Defendant's web-site are attached hereto as Exhibit C.

13.

Defendant SWTC has distributed and continues to distribute its products using the Stress Less Mark to other retailers for sale.

14.

After learning of Defendant SWTC' use of the Stress Less Mark, Al Kitchen, President of Stress Less, contacted Donna Meyer, Defendant's National Sales Director via telephone and e-mail and notified Defendant of Stress Less's ownership of the Stress Less Mark.  Mr. Kitchen also sent Defendant a facsimile on October 8, 2008 regarding Defendant's trademark violation of the Stress Less Mark.  A true and correct copy of the October 8, 2008 facsimile is attached as Exhibit D.

15.

Stress Less demanded that Defendant SWTC cease and desist from selling and distributing Defendant's products using the Stress Less Mark and notify its distributors that they also stop selling such products.

16.

Despite notifying Defendant SWTC of its infringing conduct, Defendant SWTC has not ceased from advertising, distributing, promoting, offering for sale, and selling products using the Stress Less Mark.

17.

Defendant's acts are calculated to confuse and deceive the public and are performed with full knowledge of Stress Less's rights.

18.

Defendant is not now, nor has it ever been, associated, affiliated or connected with, or endorsed or sanctioned by Stress Less.  Stress Less has never authorized or consented in any way to the use by Defendant of the Stress Less Mark.

19.

Defendant is familiar and has experience with trademark law and has applied for a trademark in the past, including filing for the mark "EO" in 1995. Defendant is cognizant of the obligations and restrictions imposed by trademark law.

## COUNT ONE—TRADEMARK INFRINGEMENT

20.

Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 19 of the Complaint as if set forth herein in their entirety.

21.

Defendant's activities in advertising, distributing, promoting, offering for sale, and selling products using the Stress Less Mark constitute Defendant's use in commerce of the Stress Less Mark.

22.

Defendant has engaged in the aforementioned activity with the intent to confuse and deceive the public into believing that Defendant's products are in some way sponsored, associated, or affiliated with Stress Less, when in fact they are not.

23.

In using the Stress Less Mark, Defendant SWTC has caused or is likely to cause consumer confusion as to the source of its goods and the goods of Stress Less.

24.

Defendant's acts and conduct constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

25.

Defendant SWTC has engaged in such mark infringement knowingly and in bad faith.

26.

This confusion causes irreparable harm to Stress Less and weakens the distinctive quality of the Stress Less Mark.

27.

By infringing on the Stress Less Mark, Defendant is trading on the goodwill and reputation of Stress Less and creating the false impression that Defendant's products are Stress Less's legitimate products.

28.

Defendant SWTC has also contributorily infringed upon the Stress Less Mark by providing to distributors and re-sellers product with the infringing Stress Less Mark, thereby contributing toward infringement that continues to this day.

29.

Defendant SWTC has been unjustly enriched by its infringement and misappropriation of Stress Less's Stress Less Mark.

30.

Defendant has acted with reckless disregard for Stress Less's rights and/or was willfully blind in connection with its unlawful activities.

31.

Defendant has willfully and maliciously engaged in its infringing activities.

32.

As the direct and proximate cause of Defendant's conduct, Stress Less has incurred injuries and damages.

33.

Stress Less was damaged by Defendant SWTC' infringement of its mark, and is therefore entitled to damages of at least (a) an amount representing three (3)

times Stress Less's damage or Defendant's illicit profits; and (b) reasonable attorneys' fees, investigative fees and pre-judgment interest.

## COUNT TWO—FEDERAL TRADE MARK DILUTION

34.

Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 33 of the Complaint as if set forth herein in their entirety.

35.

The Stress Less Mark is famous within the meaning of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

36.

Defendant's infringement of the Stress Less Mark is likely to cause dilution of the distinctive quality of the Stress Less Mark and violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), as amended by the Trademark Dilution Revision Act of 2006, effective October 6, 2006.

37.

The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff

unless enjoined by this Court, as a result of which Plaintiff is without an adequate remedy at law.

## COUNT THREE—TRADE MARK DILUTION UNDER GEORGIA LAW

### 38.

Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 37 of the Complaint as if set forth herein in their entirety.

### 39.

Defendant's aforesaid acts will cause diminution of the value of the goodwill represented by the Stress Less Mark and diminution of the distinctiveness of the Stress Less Mark and constitute dilution in violation of O.C.G.A. § 10-1-451.

### 40.

The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which Plaintiff is without an adequate remedy at law.

## COUNT FOUR—UNFAIR COMPETITION

### 41.

Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 40 of the Complaint as if set forth herein in their entirety.

### 42.

Defendant's misappropriation and infringement of the Stress Less Mark constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a) and/or federal and state common law.

### 43.

Defendant's use of the Stress Less Mark is likely to cause confusion, mistake, and deception among consumers.

### 44.

As a direct and proximate result of Defendant's misconduct, Plaintiff has been injured and suffered damages in an amount to be determined at trial.

## COUNT FIVE—FRAUDULENT BUSINESS ENCROACHMENT

### 45.

Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 44 of the Complaint as if set forth herein in their entirety.

### 46.

Defendant's misappropriation and infringement of the Stress Less Mark constitutes an attempt to encroach upon the business of Stress Less by the use of a similar trademark, name or device, with the intention of deceiving and misleading the public.

### 47.

Defendant's conduct, including the use of the Stress Less Mark, is intended to deceive and mislead the public.

### 48.

As a direct and proximate result of Defendant's misconduct, Plaintiff has been injured and suffered damages in an amount to be determined at trial.

### 49.

Plaintiff is entitled to equitable relief, including an injunction to enjoin Defendant's conduct.

## COUNT SIX—VIOLATION OF THE

## UNIFORM DECEPTIVE TRADE PRACTICES ACT

### 50.

Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 49 of the Complaint as if set forth herein in their entirety.

### 51.

Defendant's misappropriation and infringement of the Stress Less Mark constitutes a violation of the Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 et seq.

### 52.

Defendant has engaged in a deceptive trade practice in the course of its business by, among other things, (i) passing off goods as those of another; (ii) causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods; (iii) causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another; (iv) and/or engaging in other conduct which similarly creates a likelihood of confusion or of misunderstanding.

14

53.

As a direct and proximate result of Defendant's violation, Plaintiff has been injured and suffered damages in an amount to be determined at trial.

54.

Plaintiff is entitled to equitable relief, including an injunction to enjoin Defendant's conduct.

## COUNT SEVEN—VIOLATION OF THE

## GEORGIA FAIR BUSINESS PRACTICES ACT OF 1975

55.

Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 54 of the Complaint as if set forth herein in their entirety.

56.

Defendant's misappropriation and infringement of the Stress Less Mark constitutes a violation of the Georgia Fair Business Practices Act of 1975, O.C.G.A. § 10-1-390 et seq.

57.

Defendant has engaged in unfair or deceptive acts or practices in the conduct of consumer transactions and in the course of its business by, among other things,

(i) passing off goods as those of another; (ii) causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods; (iii) causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another; (iv) and/or engaging in other conduct which similarly creates a likelihood of confusion or of misunderstanding.

58.

As a direct and proximate result of Defendant's violation, Plaintiff has been injured and suffered damages in an amount to be determined at trial.

59.

Plaintiff is entitled to equitable relief, including an injunction to enjoin Defendant's conduct.

**COUNT EIGHT—FALSE ADVERTISING**

60.

Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 59 of the Complaint as if set forth herein in their entirety.

61.

Defendant's selling and advertising products using the Stress Less Mark and infringement of the Stress Less Mark constitutes a violation of the Georgia false advertising provisions, O.C.G.A. § 10-1-420 et seq.

62.

Defendant has engaged in unfair or deceptive acts or practices in the selling and advertising of its products by, among other things, (i) passing off goods as those of another; (ii) causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods; (iii) causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another; (iv) and/or engaging in other conduct which similarly creates a likelihood of confusion or of misunderstanding.

63.

Defendant, with the intent to dispose of personal property or to induce the public to enter into an obligation relating thereto, has made and/or disseminated or caused to be made or disseminated before the public, in newspaper or other publication, radio, television, the internet, or other advertising device, statements concerning such personal property or concerning circumstances or matters of facts connected with the proposed performance or disposition thereof which are untrue

and/or fraudulent and which were known or which by the exercise of reasonable care should have been known to be untrue and/or fraudulent.

64.

As a direct and proximate result of Defendant's violation, Plaintiff has been injured and suffered damages in an amount to be determined at trial.

65.

Plaintiff is entitled to equitable relief, including an injunction to enjoin Defendant's conduct.

## COUNT NINE—TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

66.

Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 67 of the Complaint as if set forth herein in their entirety.

67.

By, among other things, misappropriating and infringing on the Stress Less Mark, Defendant is improperly and unfairly competing with Stress Less.

18

68.

Upon information and belief, Defendant improperly, purposefully, and with intent to injure Stress Less, has tortiously interfered with Stress Less's business relationships with its customers, clients, consumers, distributors, and re-sellers.

69.

As a direct and proximate result of Defendant's tortious interference, Stress Less has been injured and suffered damages in an amount to be determined at trial.

## COUNT TEN—COMMON LAW TRADEMARK INFRINGEMENT

70.

Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 69 of the Complaint as if set forth herein in their entirety.

71.

Defendant's misappropriation and infringement of the Stress Less Mark constitutes a violation of Georgia common law.

72.

Defendant has infringed on the Stress Less Mark by, among other things, (i) passing off goods as those of another; (ii) causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods;

(iii) causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another; (iv) and/or engaging in other conduct which similarly creates a likelihood of confusion or of misunderstanding.

73.

As a direct and proximate result of Defendant's violation, Plaintiff has been injured and suffered damages in an amount to be determined at trial.

74.

Plaintiff is entitled to equitable relief, including an injunction to enjoin Defendant's conduct.

## COUNT ELEVEN—PUNITIVE DAMAGES

75.

Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 74 of the Complaint as if set forth herein in their entirety.

76.

Defendant's willful and tortious conduct showed willful misconduct, malice, fraud, wantonness, and oppression with a specific intent to cause harm to Stress

Less and/or an entire want of care which would raise the presumption of conscious indifference to consequences.

77.

Stress Less is entitled to an award of punitive damages in an amount to be determined at trial to deter Defendant from such wrongful and malicious conduct in the future.

## COUNT TWELVE—COSTS AND ATTORNEYS' FEES

78.

Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 77 of the Complaint as if set forth herein in their entirety.

79.

With regard to all the acts complained of herein, Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense, and accordingly, Plaintiff is entitled to an award of attorneys' fees and expenses of litigation in this action.

## JURY TRIAL DEMANDED

80.

Plaintiff requests a jury trial on all claims for legal relief and all issues triable before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

1.     An award of monetary damages, including recovery of all damages suffered by Plaintiff and recovery and restitution of all profits earned by Defendant arising from the acts complained of herein;

2.     An award of trebled monetary damages;

3.     An award of pre-judgment interest and post-judgment interest to Plaintiff;

4.     An award of Plaintiff's attorneys' fees and expenses incurred in this action;

5.     An award of all costs of this action;

6.     Injunctive relief against Defendant and its officers, agents, employees, attorneys, representatives, successors and assigns, and all other persons acting for, with, by, through or under authority of Defendant, and each of them, from (i) using the Stress Less Mark or any colorable imitation thereof, and (ii) using any

22

trademark that imitates or is confusingly similar to or in any way similar to the Stress Less Mark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of products sold under the Stress Less Mark or their connectedness to Stress Less or Defendant;

7.    An order requiring Defendant to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession custody or under the control of Defendant bearing the Stress Less Mark or other trademark found to infringe on Stress Less's trademark rights;

8.    All such other relief as this Court may deem just and proper.

Respectfully submitted,

CUSHING, MORRIS, ARMBRUSTER
& MONTGOMERY, LLP

Kirk M. McAlpin, Jr.
Georgia Bar No. 480525
Jason C. Grech
Georgia Bar No. 306663
Attorneys for Plaintiff

229 Peachtree Street, Suite 2110
Atlanta, GA  30303
404/521-2323
404/522-0607 (facsimile)
kmm@cmamlaw.com
jcg@cmamlaw.com